Filed 8/4/21  P. v. Mendoza-Morales CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br><br>BENJAMIN MENDOZA-MORALES,<br><br>    Defendant and Appellant. | A157267<br><br><br>(Solano County<br>Super. Ct. No. FCR343885) |

Defendant pleaded no contest to assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1))[1] and attempted second degree robbery (§§ 664, 211), and admitted enhancement allegations that he inflicted great bodily injury on the victim (§ 12022.7, subd. (a)) and that he personally used a deadly or dangerous weapon (§ 12022, subd. (b)(1)).  Defendant asserts the trial court erroneously imposed consecutive sentences for attempted robbery and assault with a deadly weapon instead of staying the one of the sentences under section 654.  We affirm.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

1

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On March 10, 2019, Fairfield police officers received a report of a robbery. They arrived at the scene, and the victim, Elias G.,[3] reported that he was driving and about to make a left turn into a parking lot when the defendant got into the front passenger seat of the car. Defendant put a three-inch knife to Elias G.'s neck and told Elias G. to give him all of his money and to drive to an address on Texas Street. Elias G. pulled his wallet out of his pocket and dropped it between the door and his driver's seat to keep the defendant from taking his money. Elias G. then turned his car around and began driving.

When Elias G. stopped for traffic, he opened the car door and started to get out of the car in an attempt to flee. Defendant used his right arm to stab Elias G. in his right armpit. Elias G. exited the car and ran away. Defendant followed for a short distance and then ran away in the opposite direction. Elias G. gave the officers a description of the defendant. Elias G. was taken to a hospital for treatment.

Sometime thereafter, defendant flagged down an officer, who detained him and located a blood-stained knife on his person. Defendant and the knife matched the description given by Elias G. Elias G. positively identified defendant in a photo lineup, and defendant was arrested.

On March 12, 2019, the Solano County District Attorney filed a complaint charging defendant with assault with a deadly weapon, to wit, a knife (count 1; § 245, subd. (a)(1)) and attempted second degree robbery (count 2; §§ 664, 211). The complaint further alleged as to count 1 that the

---

[2] The facts are taken from the presentence probation report.

[3] To protect the victim's privacy, we refer to him by his first name and the initial of his last name. (Cal. Rules of Court, rule 8.90(b)(4).)

defendant personally inflicted great bodily injury on Elias G. (§ 12022.7, subd. (a)) and as to count 2 that the defendant personally used a deadly and dangerous weapon, to wit, a knife (§ 12022, subd. (b)(1)) and personally inflicted great bodily injury on Elias G. (§ 12022.7, subd. (a)).

On April 9, 2019, defendant pleaded no contest to the charges and admitted the enhancements. Defendant filed a sentencing memorandum arguing, in part, that the court should stay all punishment on count 2 under section 654[4] and strike the great bodily injury enhancements under section 1385. At the sentencing hearing, the People agreed that based on a review of medical records, the great bodily injury enhancement was unsupported. However, the People argued section 654 did not apply to preclude punishing defendant for counts 1 and 2 because the attempted robbery and the stabbing were based on distinct acts. Specifically, the People asserted the attempted robbery was completed when the defendant failed to obtain what he sought from the victim, and then the assault with a deadly weapon occurred when the victim opened the door to flee and the defendant stabbed him. Defendant argued that section 654 applied because the attempted robbery was committed by way of the assault with a deadly weapon.

The trial court found the attempted robbery and the assault with a deadly weapon were not the same conduct, and imposed a sentence of four years on count 1 (assault with deadly weapon) and a consecutive sentence of eight months on count 2 (attempted robbery). It agreed to strike the great bodily injury enhancement allegations in the interest of justice. It imposed a

---

[4] Section 654, subdivision (a) states: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

one-year term on the deadly weapon enhancement attached to count 2 but stayed this sentence under section 654. The trial court also imposed various fines and fees, which are not at issue on appeal.

## DISCUSSION

Defendant asserts that section 654 prohibits multiple punishments for his convictions on count 1 (assault with deadly weapon) and count 2 (attempted robbery) because his intent and objective were the same as to both counts.

"Section 654 precludes multiple punishment for a single act or indivisible course of conduct punishable under more than one criminal statute. Whether a course of conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the 'intent and objective' of the actor. [Citation.] If all of the offenses are incident to one objective, the court may punish the defendant for any one of the offenses, but not more than one. [Citation.] If, however, the defendant had multiple or simultaneous objectives, independent of and not merely incidental to each other, the defendant may be punished for each violation committed in pursuit of each objective even though the violations share common acts or were parts of an otherwise indivisible course of conduct. [Citation.]" (*People v. Cleveland* (2001) 87 Cal.App.4th 263, 267–268.)

A defendant's intent and objective are factual questions for the trial court, which will not be disturbed on appeal if they are supported by substantial evidence. (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.) We review the trial court's determination in the light most favorable to respondent and presume the existence of every fact the trial court could reasonably deduce from the evidence. (*Ibid.*)

4

We find the trial court's determination is supported by substantial evidence. The record shows that defendant attempted to rob Elias G. when he got into Elias G.'s car, held a knife to Elias G.'s neck and demanded that Elias G. give defendant his money and drive him to a specified location. Elias G. did not comply with defendant's demand for his money; instead, he dropped his wallet between his left leg and the driver side door. The trial court could properly find that the attempted robbery was complete when Elias G. did not turn over his money after being threatened with a knife. (*People v. Sandoval* (1994) 30 Cal.App.4th 1288, 1299–1300 [attempted robbery ended when victim ceased complying with defendant's demands].) Sometime after defendant's demand and instructions, while stopped in traffic, Elias G. opened the driver's side door to escape. It was at this point that defendant stabbed Elias G. in his right armpit, as Elias G. ran out of the car. We find substantial evidence supports the trial court's finding that the stabbing and the attempted robbery were based on separate conduct. The evidence supports the implicit inference that defendant acted with a different objective to harm Elias G. when he stabbed him after the unsuccessful robbery attempt. (*Sandoval, supra*, 30 Cal.App.4th at pp. 1299–1300 [gratuitous violent act after attempted robbery has been completed may be punished separately].) Notably, there is no evidence that defendant took Elias G.'s money during or after the stabbing. Instead, defendant chased Elias G. as he ran from the car, and then defendant turned in the other direction. These facts further support the trial court's implicit finding that the stabbing was not simply the means to accomplish the robbery but involved a separate motivation, making section 654 inapplicable.

## DISPOSITION

The judgment is affirmed.

_____
Jackson, J.

WE CONCUR:


_____
Fujisaki, Acting P. J.


_____
Petrou, J.

A157267/*People v. Benjamin Mendoza-Morales*

6